UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

RANDY BROWN
Plaintiff

v.                                  Civil Action: 1:22-cv-03696 (ABJ)

DISTRICT OF COLUMBIA
Defendant

## Plaintiff's Motion for Leave to Amend Assisted by an Accommodation for Appointment of Counsel

As a general principle, the Supreme Court has explained Rule 15(a):

> Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." *Foman v. Davis, 371 U.S. 178, 182 (1962).*

Plaintiff has a communication disorder related to traumatic brain injury ("TBI"), affecting Plaintiff's ability to be organized, hence prioritize issues in stating a claim.

As a result of Plaintiff's cognitive disability, Plaintiff's Title ii Complaint requires editing, in part, pertaining to the type of relief sought.

Plaintiff's request to amend Plaintiff's Complaint will enable Plaintiff to provide a more succinctly worded statement of Plaintiff's Title ii Complaint, thereby presenting a claim that is a proper subject for relief.

Date: May 23, 2023

Randy Brown, Plaintiff, pro se
Email: zeugma7@verizon.net
Phone:(202)701-9974

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

CLERK
DISTRICT & BANKRUPTCY
COURTS FOR DC

2023 MAY 23 A 7:05

RECEIVED

RANDY BROWN
Plaintiff

v.                                                       Civil Action: 1:22-cv-03696 (ABJ)

DISTRICT OF COLUMBIA
Defendant

### Under Title ii of the ADA Persons with Communication Disorders May Use an Auxiliary Aid as a Reasonable Modification of Rules and Policies

1. Under Title ii of the ADA, Plaintiff is a qualified person with a disability:

   [A] "qualified individual with a disability" is defined as "an individual who, with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

2. The ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, or accommodations of any public entity.

3. Defendant has not established that Plaintiff is not a qualified person with a disability nor that Plaintiff was not denied the full and equal enjoyment of the goods, services, facilities, privileges, or accommodations of a public entity in violation of Title ii of ADA.

4. Currently Plaintiff has alleged violations of Title ii of the ADA related to the Superior Court of the District of Columbia, public entity, denying Plaintiff the equal enjoyment of services by muting Plaintiff to prevent Plaintiff from using an auxiliary aid with requisite assistance of counsel, interfering with rights under Title ii in an effort to coerce and intimidate Plaintiff, a cognitively disabled party to litigation.

5. As a result of Plaintiff's disability, Plaintiff designed an auxiliary aid to discuss important details of Plaintiff's necessary in support of Plaintiff's *Counterclaims*.

6. Undermining Plaintiff's rights under Title ii, the Superior Court repeatedly lost Plaintiff's pleadings, ultimately never issuing any verifiable review of Plaintiff's pleadings, conduct by the DC Superior Court that further demonstrates intimidation, coercion, and retaliation.

7. The Superior Court violated Title ii of the ADA, by allowing opposing to derail a scheduled oral hearing, thereby interfering with Plaintiff's right of equal access, by permitting opposing counsel who after reading Plaintiff's auxiliary aid to take decisive steps to circumvent rights protected under the ADA.

8. The decision not to read pleadings reflects coercive, intimidating, retaliatory prejudice, which interferes with Plaintiff's right of equal access to the activities of the court under Title II, thus denying Plaintiff an equal opportunity to be heard in proceedings before the Superior Court.

9. Therefore, the Superior Court violated Plaintiff's right to enjoy the services of a public entity, a right prescribed by Congressional authority under Title ii of the ADA.

10 Title ii is "appropriate legislation" to carry out Congressional intent "to enforce submission and to secure to all persons the enjoyment of perfect equality of civil rights and the equal protection of the laws against State denial or invasion if not prohibited, is brought within the domain of congressional power." (See, City of Boerne v. Flores Archbishop of San Antonio et. al.,)

11. The foregoing paragraphs not only describe how the Superior violated Plaintiff's rights under Title ii but also describes how Congressional authority provides for the enforcement of rights under Title ii of the ADA.

12. In an effort to obtain relief from the discriminatory conduct of the Superior Court, and as a result of the complicating effects of Plaintiff's communication disorder, Plaintiff requests both the appointment of counsel in the context of Plaintiff's request to amend Plaintiff's Title ii Complaint

Date: May 23, 2023

Randy Brown, Plaintiff, pro se
Phone: (202) 701-9974
Email: zeugma7@verizon.net