# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**Randy Brown**
**Plaintiff**

v.    Case Number: 1:22-cv-03696 (ABJ)

**The District of Columbia**
**Defendant**

*Reply To Order Dated 9/13/23*

## I. Introduction

1. The Order dated September 13, 2023 reflects an oversight by the United States District Court For The District of Columbia about the actions taken by the District of Columbia Superior Court to accommodate Plaintiff's effective communication disability.

2. In fact, the District of Columbia Superior Court provided two accommodations to Plaintiff under Title II of the Americans with Disabilities Act.

3. The granting of Plaintiff's request for electronic communication was followed by a subsequent order to schedule an oral hearing for June 9, 2022.

4. An oral hearing in a foreclosure proceeding is unusual. Equally important, the scheduling of the oral hearing occurs in the context of allegations of double fraud, involving two separate schemes involving the mishandling of money, thereby causing confusion about when each fraud occurred, necessitating an oral hearing format to discuss the special challenges in discovering each fraud.

6. Overlooking the details relevant to the double fraud, on page 8 of the Order dated September 13, 2023, in footnote #4, the Court also questions the accuracy of Plaintiff's assertion that opposing counsel" had asked to cancel the oral hearing, presenting the following argument:

> No written motion to cancel the hearing appeared on the docket,
> and it's clear from the docket that the hearing actually took place
> (See, Compl. 15 - 16, 37.)

(See, Compl. 15 - 16, 37.)

7. The above passage from the Order dated September 13, 2023 focuses upon the docket, while omitting to reference the Transcript dated June 9, 2023. On pp., 4 - 5 of the Transcript, opposing counsel argued to dispense with oral arguments:

> I don't believe oral argument is necessary. That is, I would – given this
> has been pending since at least the fall, at least this counter claim has
> been pending since the fall. I think the issues that the court can examine,
> and, frankly rule on the motions, are all set forth in the papers.
> (See, pp., 4 - 5 of the Transcript dated 6/9/23.)

8. Defendant's request to dispense with the oral hearing occurs after having discussed with Plaintiff's attorney how Plaintiff's lawyer would argue how Plaintiff's pleadings state a claim, when read *in total* in accordance with federal rules.

9. Defendant also understood that Plaintiff's lawyer would testimony from Plaintiff to establish how the statute of limitations does not apply to the CounterClaims based upon the existence two distinct financial deceptions leveled against Plaintiff's account, discovered at different times.

9. The question of res judicata does not apply to the initial fraud but rather to secondary fraud, a fact that can be demonstrated through questions and answers at oral hearing.

10. The opinion expressed by the Court in the Order dated 9/13/22, alleging that the "oral hearing took place," is called into question, when the judge presiding over the hearing on 6/9/22 ignored the request by Plaintiff's lawyer to allow Plaintiff to speak during the hearing:

> But is there – – is there any way I can just double check Mr. Brown,
> because this was his experience? I also want to make sure I am
> articulating it absolutely correct (See, p. 34, Transcript.)

11. By ignoring the request by Plaintiff's attorney to permit Plaintiff to speak, while misconstruing facts about the alleged default orchestrated by Ocwen in 2013, a scheme later deconstructed based upon Plaintiff's providing receipts to the District of Columbia Department

of Insurance, Securities, and Banking (DISB), the DC Superior Court interfered with Plaintiff's having an equal opportunity to be heard.

12. In preparation for the hearing dated 6/9/22, Plaintiff's lawyer charged Plaintiff for 10 billable hours, involving the reading of the federal case to determine whether Plaintiff at any time advanced an argument that Chase had engaged in accounting fraud.

13. Plaintiff's attorney found no evidence of Plaintiff's advancing such an argument in the federal case, thereby questioning the basis for Defendant's argument for res judicata.

14. Questioning whether an oral hearing actually occurred on 6/9/22, Plaintiff's lawyer, in deferential terms, expressed reservations about whether to admit that an oral hearing took place:

> **Mr. Whitley:**   Respectfully, Your Honor, I would have to disagree slightly only because I have been making my argument in a curtailed fashion to be in line with the court's request to make curtailed arguments. And so I did not have a chance to fully explain in my intro the background in the case. So I would just like to highlight that, that I began to do my argument in a shorter fashion than I planned to, and if there is going to be a ruling, or this is going to be considered oral argument you know I have the opportunity to expound in a way that I would have thought I would have, or in the order that I would have because again, I was trying to honor the court's request to be succinct and provide the highlights not go into, like, the case-in-chief of my argument (**See,** p. 43 Transcript dated 6/9/22.)

15. Despite the tone of deference to the Court, Plaintiff's lawyer expressed disappointment over not being allowed to invited obtain testimony from Plaintiff, the alleged victim of two forms of accounting fraud, as Plaintiff's lawyer and Plaintiff had practiced in preparing for the oral hearing.

II. **Analysis**

Page 3

16. The ADA states, In relevant part, "No Individual shall be discriminated against on the basis of disability, and the for an equal enjoyment of the services, goods, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to), or operates a place of public accommodation." 42 U.S.C 12182(a).

17. To state a claim under either Title II or Title III of the Act, a Plaintiff must allege (1) that he is disabled within the meaning of the ADA; (2) that the Defendant as defined under Title II is a public entity that provides services to the public or that Defendant as defined under Title IIII owns, leases, or operates a place of public accommodation; and (3) that the Defendant discriminated against the Plaintiff by denying Plaintiff a full an equal opportunity to enjoy the services the Defendant provides.

18. In the case of the District of Columbia Superior Court, Plaintiff requested accommodations for Plaintiff's effective communication disorder caused by Traumatic Brain Injury.

19. The DC Superior Court provided electronic communication in addition to scheduling an oral hearing to allow Plaintiff an opportunity to differentiate two separate financial schemes that targeted Plaintiff's mortgage account.

20. Despite the attempt by Plaintiff's lawyer to inform the DC Superior Court of the necessity to allow Plaintiff an opportunity to participate in the oral hearing, by describing from personal experience, in detail the specifics of each fraud, the attorney's request on behalf of Plaintiff was ignored.

21. According to the attorney, the facts of the case warranted Plaintiff's being permitted to speak during the hearing on 6/9/22, but the Court denied Plaintiff an opportunity to participate using an auxiliary assisted by counsel.

22. As a consequence of being denied an opportunity to participate at the request of Plaintiff's lawyer, Plaintiff alleges discrimination in consisting of "a failure to make reasonable modifications and policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations for individuals with disabilities, unless the entity can demonstrate that making such modifications with fundamentally alter the nature of such good, services, facilities, privileges, advantages, or accommodations."

23. Plaintiff's speaking on behalf of Plaintiff in requesting an opportunity for Plaintiff to participate in the hearing dated 6/9/22, and the decision by the Court to deny the request violates Title II of the ADA, by refusing to make a reasonable modification of policy, practice, or procedure, when such modifications are necessary to afford a person with a disability an opportunity to enjoy the services, goods, advantages of a public entity.

24. A full and equal opportunity to participate in the hearing dated 6/9/22 presupposes a full and equal opportunity to be heard, thereby speak at an oral hearing assisted by counsel and an auxiliary aid.

25. Attorney Whitley's disclosing how he felt compelled to make arguments in a "curtailed fashion" diplomatically avers to his having to make arguments without Plaintiff's assistance at crucial moments that required Plaintiff's full participation as was planned in preparing for the oral hearing concerning the two schemes to defraud Plaintiff, impacting Plaintiff's mortgage account.

26. Title II allows for injunctive relief.

27. The Transcript dated 6/9/22 demonstrates an effort by Plaintiff's attorney to differentiate the two separate financial schemes that targeted Plaintiff's account.

28. The Order dated 6/9/22 states that Plaintiff failed to present a draft copy of a proposed revised complaint. Plaintiff actually did present such a draft, but the Court never acknowledged Plaintiff's revised Complaint.

**Date: September 22, 2023**

Randy Brown, Plaintiff pro se
Phone: (202)701-9974
Email: zeugma7@verizon.net